**2016-1123**

# United States Court Of Appeals
# For The Federal Circuit

———— • ————

PERSONAL AUDIO, LLC,

*Appellant,*

*v.*

ELECTRONIC FRONTIER FOUNDATION,

*Appellee.*

---

*Appeal from the United States Patent and Trademark Office,*
*Patent Trial and Appeal Board, No. IPR2014-00070.*

---

## LETTER BRIEF OF APPELLANT PERSONAL AUDIO, LLC PURSUANT TO ORDER OF THE COURT DATED JULY 22, 2016

————————

Jeremy S. Pitcock
THE PITCOCK LAW GROUP
1501 Broadway, 12th Floor
New York, New York 10036
(646) 571-2237
jpitcock@pitcocklawgroup.com

*Counsel for Appellant*

Papool S. Chaudhari
CHAUDHARI LAW, PLLC
P.O. Box 1863
Wylie, Texas 75098
(214) 702-1150
papool@chaudharilaw.com

*Counsel for Appellant*

July 29, 2016



# THE PITCOCK LAW GROUP

1501 Broadway, 12th Floor
New York, NY 10036
(646) 571-2237 (phone)  |  (646) 571-2001 (fax)

20 Old Nyack Turnpike, Suite 107
Nanuet, NY 10954
www.pitcocklawgroup.com

*VIA ECF FILING*

July 29, 2016

Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W., Suite 401
Washington D.C. 20439

   Re:  *Personal Audio, LLC v. Electronic Frontier Foundation*
     Case No. 2016-1123
     Oral Argument Scheduled for August 4, 2016

Dear Peter Marksteiner:

  This letter responds to the Court's supplemental briefing order of July 22, 2016, which instructs the parties to submit letter briefs addressing whether Electronic Frontier Foundation ("EFF") has standing to participate in this appeal. Personal Audio, LLC ("Personal Audio") respectfully submits that the burden of demonstrating standing, as well as the possession of critical facts relevant to meeting this burden, lie with EFF. Personal Audio has had no opportunity for discovery on this issue, as there is currently no mechanism in the *inter partes* review process that would allow the Patent Owner to uncover relevant information.

Any person who is not the owner of a patent may file a petition to institute *inter partes* review.  35 U.S.C. § 311(a).  As a result, there is no corresponding standing requirement for Petitioner EFF to participate in the underlying proceeding.  Because the Article III standing requirements are not relevant to *inter partes* review, Personal Audio had no way of determining during the proceedings or at any other time prior to filing its Notice of Appeal whether or not EFF engages in activities that might give rise to an injury in fact sufficient to confer standing.  Personal Audio sought discovery in the related litigation that might have revealed relevant information, but the subpoena served on the EFF was quashed by the District Court for the Northern District of California.  *Personal Audio LLC v. Togi Entertainment, Inc., et al.*, Case No. 14-mc-80025-RS, Dkt. 11 (N.D. Cal. Mar. 31, 2014).

In any event, the right to appeal a Final Written Decision issued by the Patent Trials and Appeal Board in *inter partes* review must be made solely through the United States Court of Appeals for the Federal Circuit.  35 U.S.C. §§ 141 and 142. Although Congress has further provided under 35 U.S.C. § 319 that "[a]ny party to the *inter partes* review shall have the right to be a party to the appeal," this Court held in *Consumer Watchdog v. Wisconsin Alumni Research Foundation,* 753 F.3d 1258 (Fed. Cir. 2014) that the requirement of injury in fact is a hard floor of

Article III jurisdiction that cannot be removed by statute. *Id.* at 1261; *see also Summers* v. *Earth Island Institute*, 555 U. S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing."). This standing requirement of concrete interest or injury in fact applies equally to the opposing party in an appeal who must also have an ongoing interest in the dispute under the "case or controversy" requirements of Article III. *Camreta v. Greene,* 131 S. Ct. 2020, 2028 (2011) (*citing Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)).

Thus, while a concrete stake in the outcome is not necessary for a party to initiate *inter partes* review, a particularized, concrete interest, or injury flowing from the resulting agency decision in dispute is necessary to participate in any appeal of that decision before an Article III court. Particularly since the issue of standing can only be determined through facts unknown and not readily accessible to the Patent Owner, Personal Audio believes that the burden of establishing the standing of appellee rests firmly with the appellee. *See*, *e.g.*, *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992) (placing the burden of establishing standing on the respondent party).

Assuming that the EFF is not able to meet this burden, then Personal Audio respectfully submits that the briefing of the EFF should be considered a nullity,

and the EFF should not be permitted to participate in oral argument on this case. *See*, *e.g.*, *Instituto Nacional v. Continental Illinois Nat. Bank,* 858 F.2d 1264, 1270-71 (7th Cir. 1988) (deciding the appeal on appellant's brief alone); *United States v. Everett,* 700 F.2d 900, 902-03 n.5 (3d. Cir. 1983) (same); Fed. R. App. P. 31(c).

Moreover, at this late date, the United States Patent and Trademark Office ("PTO") should not be permitted to intervene. The PTO is well aware of the dichotomy in the standing requirements for initiating an *inter partes* review and participating in any subsequent appeal, as reflected by its Amicus Brief filed in *Consumer Watchdog*. There, the PTO argued that Consumer Watchdog could not appeal the resulting administrative decision to this Court unless it could establish its own standing to do so. Amicus Brief at 5-6 ("But [Consumer Watchdog] cannot appeal the resulting administrative decision to this Court unless it can identify some particularized, real-world consequence of that decision for Consumer Watchdog itself.").

After receiving Personal Audio's Notice of Appeal, the PTO forwarded its Notice and Certified List for the case to the Federal Circuit, but did not intervene as of right in this appeal pursuant to 35 U.S.C. § 143. Any steps required to determine Petitioner's standing should have been made by the PTO well before the briefing was complete and the appeal was ready for oral argument.

Thus, if this Court finds that EFF lacks standing to participate in this appeal, this Court should nonetheless address Personal Audio's arguments on appeal on the merits, but without participation or briefs from either the EFF or PTO. There is no question that Personal Audio has standing, as the deprivation of its patent rights (and constitutional rights) constitute concrete injury in fact that occurred as a result of the Board's Final Written Decision and its Refusal of Personal Audio's Request for Rehearing. Congress has provided a mechanism for addressing such injury, under the patent statutes. In compliance with these provisions, Personal Audio timely filed its Notice of Appeal with the PTO pursuant to 35 U.S.C. §§ 141 and 142 and 37 C.F.R. § 90.2(a). Additionally, 5 U.S.C. § 702 of the Administrative Procedure Act ("APA") specifically provides Personal Audio with the right of judicial review.

The harm to Personal Audio of being precluded from judicial review of the Board's Final Written Decision and Refusal of the Request for Rehearing would be substantial. Personal Audio has had no chance to determine whether the EFF has standing or not. Appellant could never know whether the Petitioner in an IPR lacks a concrete interest or injury resulting from the challenged patent, in light of the established dichotomy between Petitioner's requirement of Article III standing to appeal the Final Written Decision and the absence of this requirement in the *inter partes* review proceeding itself. Personal Audio should not be precluded

from judicial review of an erroneous decision by the failure of others to participate in the appellate process.

For the foregoing reasons, regardless of this Court's determination of EFF's standing, the statutory framework set forth under the patent statutes and the APA provide this Court with the authority to hear this appeal without participation by either the PTO or EFF in this instance. *See, e.g., Patterson v. US Virgin Islands*, No. 14-1621 (3d. Cir. Jan. 14, 2015) ("[I]n the final analysis, it is for the Court to evaluate the issues presented by the appellant . . . As such, we are obligated to consider the appeal on the merits and 'proceed without the benefit of an appellee's brief'") (*citing Leslie v. Attorney Gen. of the U.S.,* 611 F.3d 171, 174 n.2 (3d Cir. 2010) and *Torisky v. Schweiker*, 446 F.3d 438, 442 (3d Cir. 2006)).


Dated: July 29, 2016                    Respectfully submitted,

                                        */s/ Jeremy S. Pitcock*
                                        _____
                                        Jeremy S. Pitcock
                                        THE PITCOCK LAW GROUP
                                        1501 Broadway, 12th Floor
                                        New York, New York 10036
                                        *Attorney for Appellant Personal Audio, LLC*

## **<u>PROOF OF SERVICE</u>**

Appellant Personal Audio, LLC certifies that Appellee Electronic Frontier Foundation have been served this 29th day of July, 2016 electronically through the Court's ECF system.

*/s/ Jeremy S. Pitcock*

_____

Jeremy S. Pitcock