**2016-1123**

---

**IN THE**
# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

---

### PERSONAL AUDIO, LLC,
*Appellant,*

v.

### ELECTRONIC FRONTIER FOUNDATION,
*Appellee.*

---

Appeal from the United States Patent and Trademark
Office, Patent Trial and Appeal Board in No. IPR2014-00070.

---

**BRIEF OF AMICI CURIAE UNIFIED PATENTS INC. AND
ASKELADDEN L.L.C. IN SUPPORT OF APPELLEE'S RESPONSE
TO THE COURT'S SUA SPONTE ORDER FOR SUPPLEMENTAL
BRIEFING REGARDING STANDING**

---

Kevin Jakel
Jonathan Stroud
UNIFIED PATENTS INC.
1875 Connecticut Avenue, NW
Washington, DC  20009
(650) 999-0455

James R. Barney
Philip Andrew Riley
David K. Mroz
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4400
*Counsel for Unified Patents Inc.*

Brian T. Burgess
GOODWIN PROCTER LLP
901 New York  Avenue, NW
Washington, DC  20001-4413
(202) 346-4000

Kevin J. Culligan
John P. Hanish
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York  10018
(212) 813-8800
*Counsel for Askeladden L.L.C.*

August 1, 2016

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Amicus Curiae Unified Patents Inc. certifies the following (use "None" if applicable; use extra sheets if necessary):

1. The full name of every party represented by me is:

   Unified Patents Inc.

2. Name of the Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is:

   None

3. Parent corporations and any publicly held companies that own 10 % or more of the stock of the party represented by me are:

   None

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

   FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, LLP
   James R. Barney
   Philip Andrew Riley
   David K. Mroz
   901 New York Avenue, NW
   Washington, DC  20001-4413

   UNIFIED PATENTS INC.
   Kevin Jakel
   Jonathan Stroud
   1875 Connecticut Avenue, NW
   Washington, DC  20009

August 1, 2016                          Respectfully submitted,


                                        /s/ James R. Barney
                                        James R. Barney
                                        Philip Andrew Riley
                                        David K. Mroz
                                        FINNEGAN, HENDERSON, FARABOW,
                                          GARRETT & DUNNER, LLP
                                        901 New York Avenue, NW
                                        Washington, DC  20001-4413
                                        (202) 408-4400
                                        *Counsel for Unified Patents Inc.*

## **CERTIFICATE OF INTEREST**

Counsel for Amicus Curiae Askeladden L.L.C. certifies the following (use "None" if applicable; use extra sheets if necessary):

1. The full name of every party represented by me is:

   Askeladden L.L.C.

2. Name of the Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is:

   None

3. Parent corporations and any publicly held companies that own 10 % or more of the stock of the party represented by me are:

   Askeladden L.L.C. is a wholly owned subsidiary of The Clearing House Payments Company L.L.C.  No corporation or publicly held company owns 10 percent or more of The Clearing House Payments Company L.L.C.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

   GOODWIN PROCTER LLP
   Kevin J. Culligan, John P. Hanish, Brian T. Burgess

Date:  August 1, 2016                    Respectfully submitted,

                                         /s/ Kevin J. Culligan_____
                                         GOODWIN PROCTER, LLP
                                         620 Eighth Avenue
                                         New York, New York 10018
                                         (212) 813-8800
                                         *Counsel for Askeladden L.L.C.*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

STATEMENT OF INTEREST OF THE AMICI CURIAE .....................................1

SUMMARY OF THE ARGUMENT ........................................................................2

I.    ARGUMENT...................................................................................................3

    A.    *Consumer Watchdog* Is Not Applicable Here ......................................3

    B.    Congress Has Answered Any Prudential Concerns About EFF's Standing ........................................................................................6

    C.    Because There Are Fundamental Differences Between Patent-Challenging Organizations, a Bright-Line Test for Standing Would Be Inappropriate .......................................................8

II.   CONCLUSION...............................................................................................9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*ASARCO Inc. v. Kadish*,
  490 U.S. 605 (1989)......................................................................4, 5

*Baker v. Carr*,
  369 U.S. 186 (1962)...........................................................................9

*Bond v. Utreras*,
  585 F.3d 1061 (7th Cir. 2009) ...........................................................6

*Camreta v. Greene*,
  131 S. Ct. 2020 (2011).......................................................................5

*Clouding Corp. v. Unified Patents, Inc.*.
  640 F. App'x 997 (Fed. Cir. 2016).....................................................1

*Consumer Watchdog v. Wisconsin Alumni Research Foundation*,
  753 F.3d 1258 (Fed. Cir. 2014) ................................................*passim*

*Legault v. Zambarano*,
  105 F.3d 24 (1st Cir. 1997)................................................................6

*Los Angeles v. Lyons*,
  461 U.S. 95 (1983).............................................................................9

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)...........................................................................3

*Railway Labor Executives' Ass'n v. United States*,
  987 F.2d 806 (D.C. Cir. 1993)...........................................................4

*Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*,
  547 U.S. 47 (2006).............................................................................4

*Summer v. Earth Island Inst.*,
  555 U.S. 488 (2009)...........................................................................4

*Tileston v. Ullman*,
  318 U.S. 44 (1943).............................................................................5

*United States v. Windsor*,
    133 S. Ct. 2675 (2013) ............................................................................ 5

*Welch v. United States*,
    578 U.S. __ (2016) ................................................................................. 6

**Federal Statutes**

35 U.S.C. § 311 ........................................................................................... 2

35 U.S.C. § 311(a) ....................................................................................... 7

35 U.S.C. § 319 .................................................................................. 2, 6, 7, 9

America Invents Act ..................................................................................... 7

**Constitutional Provisions**

Article III ......................................................................................... *passim*

## STATEMENT OF INTEREST OF THE AMICI CURIAE[1]

Unified Patents Inc. ("Unified") is a for-profit, member-based organization whose goal is to reduce the number of non-practicing-entity ("NPE") assertions in specific technology areas. In general, Unified monitors NPE activity and other information in deciding which NPE patents to challenge via *inter partes* review ("IPR"). Unified collects annual fees from its members to fund its activities, acting independently in deciding whether and how to challenge any given NPE patent. By monitoring NPE activity and strategically challenging poor-quality patents in key technology areas, Unified provides a valuable service to its members and to the business community at large.[2]

Askeladden L.L.C. ("Askeladden") is an education, information and advocacy organization dedicated to improving the understanding, use, reliability and quality of patents pertinent to financial services and related industries. Askeladden is a wholly owned subsidiary of The Clearing Housing Payments Company L.L.C., which  is the oldest banking association and payments company in the United States. Askeladden seeks to improve the United States patent system

---

[1] No counsel for a party authored this brief in whole or in part, and no counsel for a party made a monetary contribution intended to fund the preparation or submission of this brief. No person other than the amici curiae made a monetary contribution to the brief's preparation or submission. Appellee EFF has consented to the filing of this amicus brief, but Appellant Personal Audio, LLC has not.

[2] Unified appeared before this Court as appellee in *Clouding Corp. v. Unified Patents, Inc.*, 640 F. App'x 997 (Fed. Cir. 2016).

by, among other things, submitting amicus curiae briefs on important issues of intellectual property law. Askeladden also challenges patents through the IPR process that it believes are unpatentable and may be used to inhibit innovation in the financial services industry.

## SUMMARY OF THE ARGUMENT

Amici curiae Unified and Askeladden respectfully submit this brief in support of Electronic Frontier Foundation's ("EFF's") right to participate in this appeal as an appellee. As EFF explained in its letter brief, Article III's "case or controversy" requirement is satisfied here because the party invoking the Court's jurisdiction—Personal Audio, LLC—has standing to appeal the adverse decision of the Patent Trial and Appeal Board ("PTAB"). Whether EFF would have had standing to appeal if the PTAB had *upheld* the patent is irrelevant, and this Court's decision in *Consumer Watchdog v. Wisconsin Alumni Research Foundation*, 753 F.3d 1258 (Fed. Cir. 2014), accordingly does not apply. To the extent there are any "prudential standing" concerns about EFF's participation as an appellee, such concerns are fully answered by Congress's specific decision to provide any "person" with a right to file an IPR petition and further to guarantee "[a]ny party" in the IPR "the right to be a party to the appeal." 35 U.S.C. §§ 311, 319.

For these reasons, the Court should allow EFF to participate in the appeal. At a minimum, the Court should not make any broad pronouncements about the

circumstances in which IPR filers may participate in an appeal. Many different organizations, ranging from professional societies and individuals to standard-setting organizations and for profit-entities, file IPR petitions for many different reasons. Any questions about an organization's ability to participate in an appeal from an IPR should be resolved case-by-case, rather than through bright-line rules.

## I.    ARGUMENT

### A.    *Consumer Watchdog* **Is Not Applicable Here**

In *Consumer Watchdog,* a not-for-profit public charity requested an *inter partes* reexamination of a patent related to human embryonic stem cell cultures. 753 F.3d at 1260. After the patent office failed to hold unpatentable the challenged claims during reexamination, Consumer Watchdog appealed to this Court, seeking judicial review of the PTAB's decision to affirm the claims. As the party "seeking to invoke federal jurisdiction," Consumer Watchdog was required to establish Article III standing, including that it had suffered an injury in fact. *Id.* at 1260-61 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Because Consumer Watchdog did "not allege[] that it is engaged in any activity involving human embryonic stem cells that could form the basis for an infringement claim,"

this Court held that it had failed to establish an injury in fact. *Id.* at 1261 (citing *Summer v. Earth Island Inst.*, 555 U.S. 488, 497 (2009)).[3]

Here, in contrast, EFF is not "seeking to invoke federal jurisdiction." *Id.*, 753 F.3d at 1260. Instead, EFF is the *appellee* and therefore bears no burden to establish an injury in fact. *See Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*, 547 U.S. 47, 52 n.2 (2006) ("[T]he presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement."); *Railway Labor Executives' Ass'n v. United States*, 987 F.2d 806, 810 (D.C. Cir. 1993) ("[I]f one party has standing in an action, a court need not reach the issue of standing of other parties when it makes no difference to the merits of the case."). Indeed, it appears undisputed that this appeal involves a justiciable controversy because the appellant has suffered an injury in fact based on the PTAB's decision that its patent claims should be cancelled.

The context here is analogous to the situation in *ASARCO Inc. v. Kadish*, 490 U.S. 605 (1989), on which EFF correctly relies. There, the Supreme Court held that even though the plaintiffs-respondents lacked Article III standing (which

---

[3] Consumer Watchdog did not raise any potential grounds for Article III standing *other than* "the Board's denial of [its] requested administrative action—namely, the Board's refusal to cancel [the challenged] claims." 753 F.3d 1261. Thus, it is not clear whether Consumer Watchdog might have been able to establish standing based on other grounds, *e.g.*, economic injury or associational standing.

is not required in a state-court action) and thus could not have filed an action in federal court, the Court had jurisdiction over the appeal because the petitioners seeking review had suffered "a specific injury stemming from the [adverse] state-court decree." *Id.* at 617. Notably, the Supreme Court did not question the plaintiffs-respondents' participation in the appeal; to the contrary, the Court recognized that "the parties remain adverse" because the plaintiffs-respondents were defending the state court's judgment, and that the appeal would resolve a "genuine case or controversy." *Id.* at 619 (citing *Tileston v. Ullman*, 318 U.S. 44, 46 (1943)). Likewise here, regardless of whether EFF would have standing to initiate a patent challenge (which is not required in an IPR), this Court has jurisdiction because Personal Audio has been injured by the PTAB's order and there is a genuine controversy over whether that order (which EFF is defending) is correct.[4]

---

[4] Personal Audio claims that *Camreta v. Greene,* 131 S. Ct. 2020 (2011), establishes that both appellants and appellees must independently establish Article III standing, but that is incorrect. *Camreta* merely states that an opposing party must have an "ongoing interest in the dispute," so that the case features "that concrete adverseness which sharpens the presentation of issues." *Id.* at 2028 (citation omitted). This is a description of "prudential standing," which is separate from Article III standing and can be "relaxed" by statute. *Consumer Watchdog*, 753 F.3d at 1261; *see also United States v. Windsor*, 133 S. Ct. 2675, 2685-86 (2013) (recognizing this requirement's prudential nature). In any event, adversity is present here for the same reason it was present in *Kadish*, 490 U.S. at 619.

5

### B.    Congress Has Answered Any Prudential Concerns About EFF's Standing

Because the constitutional baseline for Article III jurisdiction is met, the question whether EFF has "standing" to present opposing arguments on appeal is largely academic because EFF could still participate in the appeal as an intervenor or an *amicus curiae. See, e.g.*, *Legault v. Zambarano*, 105 F.3d 24, 26 (1st Cir. 1997) (dismissing challenge to appellee's standing as a "meaningless quibble"); *Bond v. Utreras*, 585 F.3d 1061, 1070 (7th Cir. 2009) (holding that standing of an intervenor was irrelevant where the court otherwise had jurisdiction). Certainly there is no constitutional requirement that an entity or individual have redundant Article III standing to participate in a proceeding and defend a judgment, as evidenced by courts' frequent practice of appointing attorneys as *amicus curiae* to defend lower-court judgments. *See, e.g.*, *Welch v. United States*, 578 U.S. __ (2016) (slip. op. 6).

The question whether EFF should be allowed to participate in this appeal is thus entirely prudential, and Congress has squarely answered that prudential question in the relevant statute. *See Consumer Watchdog*, 753 F.3d at 1261 (recognizing that prudential aspects of standing are "relaxed" where "Congress has accorded a procedural right to a litigant"). The IPR statute establishes a right of appeal to this Court and specifically states that "*[a]ny party* to the inter partes review shall have the right to be a party to the appeal." 35 U.S.C. § 319 (emphasis

added). Depriving EFF of the right to participate in the appeal would contradict Congress's express judgment, and it could undermine the IPR process more generally. In adopting the IPR process as part of the America Invents Act, Congress wanted to encourage prompt administrative challenges to improvidently granted patents to ensure that weak patents are not used to inhibit innovation and competition. Congress accomplished this objective by, among other things, ensuring broad access to the IPR process: any "person" (who is not the patent holder) may petition to institute an IPR, and that "person" may also be a party to any appeal. *Id.* §§ 311(a), 319. If initiating parties were not allowed to defend favorable PTAB decisions in this Court, it might discourage them from challenging patents in the first place, contrary to Congress's clear intent in enacting the statute.

Denying EFF's statutory right to participate in the appeal would also create practical problems. As noted, pp. 4-5, *supra*, there is no question that the Court has jurisdiction over this appeal; the PTAB held unpatentable several of Personal Audio's patent claims and Personal Audio has a right to appeal that adverse order. Because the Patent Office declined to intervene in this appeal, the Court would either have to decide the case without adversary briefing or argument—an unattractive outcome inconsistent with our adversarial system—or appoint an *amicus curiae*. Of course, if the Court were to appoint an *amicus*, the most obvious candidate would be EFF, given its investment in and familiarity with the case. But

there is no reason for the Court to introduce this unproductive complexity through an *amicus*-appointment process when it can simply follow Congress's direction.

**C.    Because There Are Fundamental Differences Between Patent-Challenging Organizations, a Bright-Line Test for Standing Would Be Inappropriate**

If the Court disagrees and concludes that EFF lacks standing to participate as an appellee in this case, the Court should exercise caution in how it formulates its holding to avoid unanticipated impacts on other IPR filers who may be dissimilarly situated. There are many organizations and individuals that may, for myriad reasons, choose to undertake the painstaking and costly task of instituting an IPR to challenge the patentability of a U.S. patent despite having no direct exposure to the patent. These organizations may have vastly different operations, finances, relationships with industry, motivations, and business models (or lack thereof). Examples include trade associations, professional societies, standards-setting bodies, charitable and educational foundations, political organizations, hedge funds, industrial alliances, and a wide variety of for-profit entities whose business model includes challenging patents via IPRs. Given this varied landscape and the still evolving nature of the IPR field, prudence dictates that this Court refrain from creating any bright-line rules or tests regarding standing that might prove unfair or unworkable in future cases.

## II.     CONCLUSION

The Court should hold that EFF may participate as an appellee because (1) an Article III case or controversy clearly exists by virtue of the appellant's injury in fact; and (2) any "prudential standing" concerns are answered by EFF's procedural right under 35 U.S.C. § 319 to be a party to the appeal. EFF clearly has an interest in this matter, and it is in the best position to provide "that concrete adverseness which sharpens the presentation of issues." *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983) (citing *Baker v. Carr*, 369 U.S. 186, 204 (1962)).  If the Court disagrees, Unified and Askeladden respectfully urge the Court to refrain from establishing any categorical rules limiting participation as a party to an appeal from an IPR. Any such categorical or bright-line rule could have unforeseen consequences given the great variety among organizations that challenge patents through the IPR process.  The Court should instead proceed carefully, analyzing parties case-by-case.

August 1, 2016                          Respectfully submitted,


                                        */s/ James R. Barney*
                                        James R. Barney
                                        Philip Andrew Riley
                                        David K. Mroz
                                        FINNEGAN, HENDERSON, FARABOW,
                                          GARRETT & DUNNER, LLP
                                        901 New York Avenue, NW
                                        Washington, DC  20001-4413
                                        (202) 408-4400
                                        *Counsel for Unified Patents Inc.*

                                        Kevin Jakel
                                        Jonathan Stroud
                                        UNIFIED PATENTS INC.
                                        1875 Connecticut Avenue, NW
                                        Washington, DC  20009
                                        (650) 999-0455

                                        Kevin J. Culligan
                                        John P. Hanish
                                        GOODWIN PROCTER LLP
                                        The New York Times Building
                                        620 Eighth Avenue
                                        New York, New York  10018
                                        (212) 813-8800

                                        Brian T. Burgess
                                        GOODWIN PROCTER LLP
                                        901 New York  Avenue, NW
                                        Washington, DC  20001-4413
                                        (202) 346-4000

                                        *Counsel for Askeladden L.L.C.*

10

# CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing BRIEF OF AMICI

CURIAE UNIFIED PATENTS INC. AND ASKELADDEN L.L.C. IN SUPPORT OF

APPELLEE'S RESPONSE TO THE COURT'S SUA SPONTE ORDER FOR

SUPPLEMENTAL BRIEFING REGARDING STANDING on counsel of record on

August 1, 2016, by Electronic Means (the Court's CM/ECF).

| | |
|---|---|
|    James R. Barney    |    /s/ James R. Barney    |
| Name of Counsel | Signature of Counsel |

Firm:                      Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Address:                901 New York Avenue, N.W.
City, State and Zip   Washington, DC  20001-4413
Telephone:           202-408-4412
Fax #:                   202-408-4400
E-Mail address:     james.barney@finnegan.com

11